IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

```
INTERNATIONAL FOUNDATION OF       *
EMPLOYEE BENEFIT PLANS, INC,
et al.,                           *

     Plaintiffs,                  *

         v.                       *    CIVIL NO.: WDQ-14-1269

WENDY J. COTTRELL,                *

     Defendant.                   *
```

\* \* \* \* \* \* \* \* \* \* \* \* \*

MEMORANDUM OPINION

International Foundation of Employee Benefit Plans, Inc., and its subsidiary, Certified Employee Benefit Specialists, Inc., (together, "IFEBP") sued Wendy J. Cottrell, d/b/a HR Vantage, for false advertising, trademark infringement, and other claims. ECF No. 1.[1]  Pending is Cottrell's *pro se* motion to dismiss for failure to state a claim. ECF No. 7. No hearing is necessary. Local Rule 105.6 (D. Md. 2014). For the following reasons, Cottrell's motion will be denied.

---

[1] The Plaintiffs assert three claims against Cottrell: false advertising and unfair competition under 15 U.S.C. § 1125(a)(1)(B); trademark infringement, false designation of origin, and unfair competition under 15 U.S.C. § 1125(a)(1)(A); and common law fraudulent misrepresentation. ECF No. 1 ¶¶ 19-46.

I.   Background

   A.   Facts[2]

IFEBP is a Wisconsin nonprofit organization specializing in employee benefits, compensation, and financial literacy education and information. ECF No. 1 ¶ 9. IFEBP trains and certifies professionals in employee benefits and compensation. *Id.* ¶ 10. IFEBP owns protected U.S. federal trademark registrations for "CEBS®"[3] and "Certified Employee Benefits Specialist®."[4] *Id.* ¶¶ 11, 31. Cottrell owns and operates HR Vantage, which provides disability retirement counseling to federal employees. ECF No. 7-1 at 1.

Individuals certified by IFEBP may use the CEBS® and Certified Employee Benefits Specialist® designations. ECF No. 1 ¶ 12. Cottrell's website and LinkedIn profile page display both designations; however, Cottrell has never been certified by

---

[2] The facts are from the complaint, ECF No. 1, and Cottrell's motion, ECF No. 7-1. For the motion to dismiss for failure to state a claim, the well-pled allegations in the complaint are accepted as true. *See Brockington v. Boykins*, 637 F.3d 503, 505 (4th Cir. 2011). In reviewing the motion to dismiss, the Court may consider allegations in the complaint, matters of public record, and documents attached to the motion to dismiss that are integral to the complaint and authentic. *See Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009).

[3] Registration Nos. 1094758, 1826306, 2306352, and 2357890. ECF No. 1 ¶ 11.

[4] Registration No. 1422288. *Id.*

IFEBP. *Id.* ¶¶ 13-14, 20.[5] IFEBP does not have any record of Cottrell completing the examinations necessary to become certified. *Id.* ¶ 15.[6]

Cottrell's use of the CEBS® and Certified Employee Benefits Specialist® designations has caused "lost sales of [IFEBP's] educational and examination fees." *Id.* ¶ 25. IFEBP's reputation has suffered because Cottrell "is providing sub-standard services," and "customers receiving such sub-standard services from Cottrell will presume . . . that [IFEBP has] certified [Cottrell's] sub-standard services." *Id.* ¶ 26. Cottrell's use of the designations "is willful and intentional, done expressly for the purpose of trading upon the valuable goodwill and public recognition built up by [IFEBP] in its intellectual property." *Id.* ¶ 37.

B.   Procedural History

On April 15, 2014, IFEBP sued Cottrell for false advertising, trademark infringement, false designation, and unfair competition under the Lanham Act,[7] and for common law

---

[5] Cottrell also used the designations in "several nationally distributed publications." *Id.* ¶ 24.

[6] IFEBP asked Cottrell to provide proof of successful completion of the examinations, but Cottrell did not respond. *Id.* ¶ 16.

[7] 15 U.S.C. § 1501, *et seq.*, (2012).

fraudulent misrepresentation. ECF No. 1.[8]  On May 20, 2014, Cottrell moved to dismiss the complaint for failure to state a claim. ECF No. 7.  On May 28, 2014, IFEBP opposed the motion. ECF No. 8.

II. Analysis

    A.   Legal Standard for the Motion to Dismiss

Under Federal Rule of Civil Procedure 12(b)(6), an action may be dismissed for failure to state a claim upon which relief can be granted.  Rule 12(b)(6) tests the legal sufficiency of a complaint, but does not "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006).

The Court bears in mind that Rule 8(a)(2) requires only a "short and plain statement of the claim showing that the pleader is entitled to relief." *Migdal v. Rowe Price-Fleming Int'l, Inc.*, 248 F.3d 321, 325-26 (4th Cir. 2001).  Although Rule 8's notice-pleading requirements are "not onerous," the plaintiff must allege facts that support each element of the claim advanced.  *Bass v. E.I. Dupont de Nemours & Co.*, 324 F.3d 761, 764-65 (4th Cir. 2003).  These facts must be sufficient to

---

[8] IFEBP seeks preliminary and permanent injunctions, actual and treble damages, and other remedies.  ECF No. 1 ¶¶ A-H.

"state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

This requires that the plaintiff do more than "plead[] facts that are 'merely consistent with a defendant's liability;'" the facts pled must "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 557). The complaint must not only allege but also "show" that the plaintiff is entitled to relief. *Id.* at 679 (internal quotation marks omitted). "Whe[n] the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged--but it has not shown--that the pleader is entitled to relief." *Id.* (internal quotation marks and alteration omitted).

B.  Cottrell's Motion[9]

Cottrell contends that IFEBP's Lanham Act claims fail because IFEBP has not established that her alleged use of its

---

[9] Although Cottrell has "moved to dismiss the action," she has not presented any legal argument for dismissal of IFEBP's state law claim. *See* ECF No. 7-1 at 3 (directing arguments at dismissal of the Lanham Act claims). Thus, the Court will not address that claim. *See Miller v. Brown*, No. 5:11-CT-3022-FL, 2012 WL 3629980, at *3 (E.D.N.C. Aug. 22, 2012) (declining to address a claim not addressed in motion to dismiss); *Franklin v. Yancey Cnty.*, No. 1:09CV199, 2010 WL 317804, at *3 (W.D.N.C. Jan. 19, 2010)(same). *Compare Jones v. New York City Health & Hosp. Corp.*, 00 CIV. 7002 (CBM), 2003 WL 21262087, at *1 (S.D.N.Y. May 29, 2003) (although defendants moved for summary judgment on all claims, they did not address one claim in their motion; thus, the court declined to rule on that claim).

trademarks has caused--or is likely to cause--confusion or harm. ECF No. 7-1 at 3. Cottrell further contends that IFEBP's claims fail because Cottrell and IFEBP are not competitors.[10]

The Lanham Act "protect[s] persons engaged in such commerce against unfair competition." 15 U.S.C. § 1127. Under 15 U.S.C. § 1125(a),

> (1) any person who . . . uses in commerce any word, term, name, symbol, or device, . . . or any false designations of origin, false or misleading description of fact, or false or misleading representation of fact, which . . .
>   (A) is likely to cause confusion, or to cause mistake, or to deceive . . . as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person, or
>   (B) in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities.

Section 1125(a) provides two grounds for asserting unfair competition claims: 15 U.S.C. § 1125(a)(1)(A) protects against false designation; 15 U.S.C. § 1125(a)(1)(B) protects against false advertising. *See Lexmark Int'l, Inc. v. Static Control*

---

[10] In her preliminary statement, Cottrell asserts that confusion is unlikely because HR Vantage and IFEBP are not competitors. ECF No. 7-1 at 2. According to Cottrell, "with the different types of services [IFEBP and Cottrell] provide, the said services do not even speak the same language . . . . [IFEBP] speaks non-profit/private sector[,] and [Cottrell] speaks federal government." ECF No. 7-1 at 2. Under the liberal construction afforded to *pro se* pleadings, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam), the Court will construe Cottrell's statement as an argument that the lack of competition is an additional ground for dismissal.

*Components, Inc.*, 134 S. Ct. 1377, 1384 (2014). Because Cottrell's competition-based argument applies to both claims, the Court will address that argument first.

1.   Direct Competition

Although the U.S. Supreme Court recently held that noncompetitors may bring a false advertising claim, it did not address false designation. *See Lexmark Int'l, Inc.*, 134 S. Ct. at 1393 ("We thus hold that a plaintiff suing under § 1125(a) ordinarily must show economic or reputational injury flowing directly from the deception *wrought by the defendant's advertising* . . . .") (emphasis added).[11] There, Lexmark, a printer manufacturer that sells toner cartridges for its printers, sued Static Control, which makes and sells components for remanufacturing Lexmark cartridges, under the Copyright Act of 1976,[12] and the Digital Millennium Copyright Act.[13] *Id.* at 1383. Static Control counterclaimed under the Lanham Act, alleging false advertising. *Id.* Lexmark and Static Control are not competitors; rather, Lexmark competes with remanufacturers--companies supplied by Static Control--that "acquire used Lexmark

---

[11] Mere consumers cannot sue under the Lanham Act. *See, e.g., Made in the USA Found. v. Phillips Foods, Inc.*, 365 F.3d 278, 280 (4th Cir. 2004). However, IFEBP is not suing as a consumer.

[12] 17 U.S.C. § 101 *et seq.*

[13] 17 U.S.C. § 1201 *et seq.*

toner cartridges, refurbish them, and sell them in competition with new and refurbished cartridges sold by Lexmark." *Id.* at 1383.

Although Static Control sued under the Lanham Act's false advertising provision, the Supreme Court broadly framed the standing issue as whether "the cause of action in § 1125(a) extend[s] to plaintiffs like Static Control?," and noted that "[t]he statute authorizes suit by 'any person.'" *Id.* at 1388 (*citing* 15 U.S.C. § 1125(a)(1)). Although declining to equate § 1125(a) standing with the "minimum requirements of Article III" standing, the Supreme Court limited § 1125(a)(1) standing to plaintiffs "alleg[ing] an injury to a commercial interest in reputation or sales." *Id.* at 1390. In reaching its conclusion, the Supreme Court relied on the Lanham Act's purpose, *id.* at 1389, which is replete with references to "commerce."[14] Because

---

[14] The Act's "unusual, and extraordinarily helpful, detailed statement of the statute's purposes" provides:

> "The intent of this chapter is to regulate commerce within the control of Congress by making actionable the deceptive and misleading use of marks in such commerce; to protect registered marks used in such commerce from interference by State, or territorial legislation; to protect persons engaged in such commerce against unfair competition; to prevent fraud and deception in such commerce by the use of reproductions, copies, counterfeits, or colorable imitations of registered marks; and to provide rights and remedies stipulated by treaties and conventions respecting trademarks, trade names, and unfair

the Act's purpose applies to all its provisions, there is no reason to think the Supreme Court would apply different standing requirements to a false designation claim. In fact, that Court observed that "[m]ost of the enumerated purposes are relevant to false-association cases," see id., which, like false designation, would be brought under § 1125(a)(1)(A).[15] In light of Lexmark Int'l, Inc., the Court concludes that direct competition is not a prerequisite to bringing a false designation claim under 15 U.S.C. § 1125(a)(1)(A).[16] Accordingly, Cottrell is not

---

competition entered into between the United States and foreign nations."

Lexmark Int'l, Inc., 134 S. Ct. at 1389 (citing 15 U.S.C. § 1127)(other citation and internal quotation marks omitted).

[15] One Circuit has permitted a noncompetitor to bring a false designation claim. See Frisch's Restaurants, Inc. v. Elby's Big Boy of Steubenville, Inc., 670 F.2d 642, 650 (6th Cir. 1982).

[16] This conclusion finds further support in Commc'ns Satellite Corp. v. Comcet, Inc., 429 F.2d 1245, 1252 (4th Cir. 1970), cited by IFEBP, see ECF No. 8 at 4, wherein the Fourth Circuit permitted a noncompetitor to bring a trademark infringement claim under 15 U.S.C. § 1114. See Commc'ns Satellite Corp., 429 F.2d at 1252 ("When, as here, the parties are not competitors, the issue of infringement hinges on the likelihood of confusion about the source or sponsorship of the defendant's goods and services."). Section 1114 provides a cause of action for "registrant[s]," whose marks are infringed by "[a]ny person." 15 U.S.C. § 1114(1). Section 1125(a) is broader, providing a cause of action for "any person . . . likely to be damaged by" false advertising or false designation. 15 U.S.C. § 1125(a)(1). Compare Smith v. Montoro, 648 F.2d 602, 607-08 (9th Cir. 1981) (in the context of false advertising, stating broadly that "the plaintiff under [§ 1125(a)] need not be in actual competition with the alleged wrongdoer."); Quabaug Rubber Co. v. Fabiano

entitled to dismissal on the ground that she and IFEBP are not direct competitors.

### 2. False Designation of Origin

In Count II, IFEBP asserts false designation of origin, unfair competition, and trademark infringement claims. ECF No. 1 at 6. Although trademark infringement is often brought under 15 U.S.C. § 1114,[17] IFEBP has brought its claims under 15 U.S.C.

---

*Shoe Co.*, 567 F.2d 154, 160 (1st Cir. 1977) (relying on the broad language of § 1125(a) to hold that nonowners of registered trademarks have standing).
    The Court's conclusion is not inconsistent with the Fourth Circuit's statement in *Mylan Laboratories, Inc. v. Matkari*, that the Lanham Act provides "a private remedy [for a] commercial plaintiff who meets the burden of proving that its commercial interests have been harmed by a *competitor's* false advertising," 7 F.3d 1130, 1139 (4th Cir. 1993)(quoting *Sandoz Pharmaceuticals Corp. v. Richardson-Vicks, Inc.*, 902 F.2d 222, 230 (3d Cir. 1990))(emphasis added). *Lexmark Int'l, Inc.* makes clear that a plaintiff need not be a competitor to bring a false advertising claim. The Fourth Circuit's statement was made "in passing"; the key requirement is that "the Lanham Act plaintiff . . . be engaged in commercial activity." *Made in the USA Found. v. Phillips Foods, Inc.*, 365 F.3d 278, 281 (4th Cir. 2004). Here, that requirement is met. *See* ECF No. 1 ¶¶ 2-3.

[17] *See Synergistic Int'l, LLC v. Korman*, 470 F.3d 162, 168 (4th Cir. 2006) (addressing trademark infringement under 15 U.S.C. § 1114 and unfair competition under 15 U.S.C. § 1125(a)); *MicroStrategy Inc. v. Motorola, Inc.*, 245 F.3d 335, 340-41 (4th Cir. 2001)(noting that 15 U.S.C. § 1114 protects against infringement of registered marks); *Lone Star Steakhouse & Saloon, Inc. v. Alpha of Virginia, Inc.*, 43 F.3d 922, 926 (4th Cir. 1995) (trademark infringement claim asserted under Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1), and unfair competition claim asserted under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)); *Hershey Co. v. Friends of Steve Hershey*, Civil No. WDQ-14-1825, 2014 WL 3571691, at *3 & n.1, 3 (D. Md. July 17, 2014) (same).

§ 1125(a).[18]  Generally speaking, "[t]he federal courts are in agreement that § 43(a) [of the Lanham Act] creates a federal cause of action for trademark . . . infringement claims." *Two Pesos, Inc. v. Taco Cabana, Inc.*, 505 U.S. 763, 780 (1992)(Stevens, J., concurring)("Whether we call the violation infringement, unfair competition or false designation of origin, the test is identical—is there a likelihood of confusion?")(internal quotation marks and citation omitted).

To state a claim for false designation of origin, IFEBP must show:

> (1) that it possesses a mark; (2) that the defendant used the mark; (3) that the defendant's use of the mark occurred "in commerce"; (4) that the defendant used the mark "in connection with the sale, offering for sale, distribution, or advertising" of goods or services; and (5) that the defendant used the mark in a manner likely to confuse consumers.

*People for Ethical Treatment of Animals*, 263 F.3d at 364.

As noted above, Cottrell asserts that IFEBP has not established the fifth element--confusion.  ECF No. 7-1 at 3. IFEBP contends that it has sufficiently alleged sponsorship confusion.  ECF No. 8 at 3-5.  Likelihood of confusion includes confusion about source and sponsorship.  *Lone Star*, 43 F.3d at 933.

---

[18] *See* ECF No. 1 ¶ 1 ("This is an action for willful false advertising and unfair competition under § 43 of the Lanham Act (15 U.S.C. § 1125) . . . ."); *see also* ECF No. 1 ¶ 34 (alleging violation of 15 U.S.C. § 1125(a)(1)(A) under Count II).

IFEBP has alleged that Cottrell's unauthorized use of its trademarks will deceive or confuse customers into thinking that it "certified [Cottrell's] sub-standard services" or otherwise sponsored or approved her services. ECF No. ¶¶ 26, 33-34. At this stage, IFEBP has plausibly alleged a likelihood of confusion. *See Dallas Cowboys Cheerleaders, Inc. v. Pussycat Cinema, Ltd.*, 604 F.2d 200, 202 (2d Cir. 1979)(confusion requirement satisfied when film title and plot, "to the extent that there is one," may confuse the public into believing plaintiff sponsored the film "Debbie Does Dallas"). Accordingly, Cottrell is not entitled to dismissal of IFEBP's false designation claim.

### 3. False Advertising

To state a claim for false advertising, IFEBP must show:

(1) the defendant made a false or misleading description of fact or representation of fact in a commercial advertisement about his own or another's product; (2) the misrepresentation is material, in that it is likely to influence the purchasing decision; (3) the misrepresentation actually deceives or has the tendency to deceive a substantial segment of its audience; (4) the defendant placed the false or misleading statement in interstate commerce; and (5) the plaintiff has been or is likely to be injured as a result of the misrepresentation, either by direct diversion of sales or by a lessening of goodwill associated with its products.

PBM Prods., LLC v. Mead Johnson & Co., 639 F.3d 111, 120 (4th Cir. 2011) (quoting Scotts Co. v. United Industries, 315 F.3d 264, 272 (4th Cir. 2002)).[19]

IFEBP correctly contends that confusion is not a necessary element of its false advertising claim. ECF No. 8 at 5-7. It is well settled that when the contested representation "is literally false, a violation may be established without evidence of consumer deception." PBM Prods., LLC, 639 F.3d at 120 (quoting Cashmere & Camel Hair Mfrs. Inst. v. Saks Fifth Ave., 284 F.3d 302, 311 (1st Cir. 2002)).[20]

Here, IFEBP alleges that Cottrell displayed the CEBS® and Certified Employee Benefits Specialist® designation--indicating IFEBP certification--when Cottrell was not certified. ECF No. 1 ¶¶ 12-15. Thus, IFEBP has sufficiently alleged falsity, and

---

[19] See also Lexmark Int'l, Inc., 134 S. Ct. at 1395 ("To invoke the Lanham Act's cause of action for false advertising, a plaintiff must plead (and ultimately prove) an injury to a commercial interest in sales or business reputation proximately caused by the defendant's misrepresentations.").

[20] See also Scotts Co. v. United Industries Corp., 315 F.3d 264, 273 (4th Cir. 2002); C.B. Fleet Co. v. SmithKline Beecham Consumer Healthcare, L.P., 131 F.3d 430, 434 (4th Cir. 1997) ("If the advertising claim is literally false, the court may enjoin the use of the claim without reference to the advertisement's impact on the buying public.").

need not allege facts establishing deception. *See C.B. Fleet Co.*, 131 F.3d at 434.[21]

Further, IFEBP has alleged economic and reputational injury, because Cottrell displayed its certification without paying "educational and examination fees," and because customers will believe that IFEBP "certified [Cottrell's] sub-standard services." ECF No. 1 ¶¶ 25-26. Accordingly, Cottrell is not entitled to dismissal of IFEBP's false advertising claim.

III. Conclusion

For the reasons stated above, Cottrell's motion to dismiss will be denied.

_1/7/15_
Date

_[signature]_
William D. Quarles, Jr.
United States District Judge

---

[21] However, IFEBP has sufficiently alleged deception, i.e., that Cottrell's use of its trademarks would deceive customers into believing that IFEBP had sponsored, or approved, Cottrell's "sub-standard services." ECF No. I ¶¶ 26, 34.